United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Taylor Vernon, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-21114-Civ-Scola |
| | ) |
| Brookfield Hospitality Properties, | ) |
| LLC, dba Atlantis Paradise | ) |
| Vacations, and others, Defendants. | ) |

**Order Requiring Amended Complaint**

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, the Court is uncertain whether it has subject-matter jurisdiction over this action.

A party seeking to invoke a federal court's diversity jurisdiction must allege facts that show that federal-subject-matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.* Here, Plaintiffs Taylor Vernon's jurisdictional allegations are deficient.

Although Vernon maintains the Court has diversity jurisdiction over this case, she fails to allege facts needed to support her contention. (Compl., ECF No. 1.) First, Vernon's allegations are deficient because she alleges only where she and individual Defendant Michael A. Saverino reside. (Compl. ¶¶ 1 ("resident of North Carolina"), 5 ("resided, and continues to reside, in Royal Palm Beach, Florida").) But, under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not her or his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a state is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship"). Here, merely stating where the parties reside is insufficient and does not allow the Court to determine whether it has jurisdiction to hear this case.

Further, in the Eleventh Circuit, the citizenship of a limited liability company, like Defendants Brookfield Hospitality Properties, LLC and HOMEINC,

LLC, is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability company is a citizen of any state of which a member is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company, then, a party must list all the members of the limited liability company along with each member's citizenship. *Id.* Here, it appears both Brookfield and HOMEINC are LLCs, but, rather than list all the members of each company, along with the members' respective citizenships, Vernon instead identifies only the states where the companies were formed and where they operate, or principally operate, from. (Compl. ¶¶ 2, 6.) These allegations are insufficient. Instead, in order to properly identify Brookfield and HOMEINC's citizenships, Vernon must list all their members and then identify each members' citizenship.

Further, Vernon describes both Defendants Atlantis Resort SPE Limited and Island Hotel Company Limited, as "Bahamas compan[ies]." (*Id.* ¶¶ 3, 4.) Based on Vernon's descriptions, however, the Court is unable to discern what types of businesses either of these entities actually are and, therefore, their respective citizenships. That is, it is unclear whether these entities are, variously, corporations, proprietorships, partnerships, or some other type of association altogether. And the type of entity a party is, of course, has an impact on the Court's analysis of whether diversity jurisdiction exists. *E.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189-190 (1990) (pointing out the differences in how various entities are treated for the purposes of assessing diversity jurisdiction). Vernon must therefore specify what type of entity each party actually is, what type of entity that association is analogous to in the United States, and based on that type, what each entity's citizenship is.

Finally, many of Vernon's jurisdictional allegations are, in any event, presented only "upon information and belief." (*E.g.*, Compl. ¶¶ 3–6.) But "allegations based 'upon information and belief' are not a substitute for establishing jurisdictional facts." *Investissement Yves Auclair, Inc. v. MLM Experts, LLC*, 617CV2131ORL41KRS, 2018 WL 1832867, at *2 (M.D. Fla. Jan. 25, 2018), *rep. and recs. adopted,* 617CV2131ORL41KRS, 2018 WL 3344549 (M.D. Fla. July 9, 2018). Here, Vernon's *beliefs* as to the Defendants' citizenships do not qualify as "facts" establishing jurisdiction. Instead, these beliefs relay, at most, Vernon's mere unverified contention, which is insufficient to satisfy the Court that the requirements of diversity jurisdiction have been met. *See generally, Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) (reminding district courts that they must "make sure parties satisfy the requirements of diversity jurisdiction [and] be vigilant in

forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century").

      Because of these insufficient allegations, the Court is unable to ascertain whether complete diversity exists. Accordingly, Vernon must file an amended complaint which adequately alleges, in accordance with the above, federal-subject-matter jurisdiction, by **April 5, 2023**. Further, Vernon is forewarned that her citizenship allegations may not be based on conjecture, but, instead, must be alleged as facts—not "upon information and belief." If Vernon fails to file an amended complaint by that date or the amended complaint fails to provide the facts necessary to properly establish jurisdiction, the Court may dismiss this case without prejudice.

      **Done and ordered**, in Miami, Florida, on March 22, 2023.

                                                          Robert N. Scola, Jr.
                                                          United States District Judge